IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

|  |  |
|---|---|
| ENHANCE-IT, L.L.C., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 9:05-0546-23 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| AMERICAN ACCESS TECHNOLOGIES, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon Defendant American Access Technologies' ("AAT") Motion to Dismiss Plaintiff Enhance-It, L.L.C.'s ("Enhance-It") Second Amended Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6). In order to grant this motion, the court must take the allegations in the Complaint as true and conclude that Plaintiff, as the non-moving party, can prove no set of facts in support of his claim that would entitle him to relief. *Burbach Broadcasting Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); *Bruce v. Riddle*, 631 F.2d 272, 273-74 (4th Cir. 1980).

**BACKGROUND**

Plaintiff Enhance-It is a South Carolina limited liability company that purchased ultraviolet lighting products from AAT and AAT's predecessor in interest. In its Complaint, Plaintiff alleges that AAT shipped it defective goods, and asserts causes of action for (1) breach of contract, (2) negligence, (3) fraud and misrepresentation, (4) breach of warranty of merchantability, (5) breach of warranty of fitness for particular use, (6) breach of express warranty, and (7) breach of contract accompanied by a fraudulent act. AAT makes a motion to dismiss Plaintiff's Complaint for (1) failing to plead fraud with particularity as required by Rule 9(b) and (2) failing to state any cause

of action upon which relief can be granted as required by Rule 12(b)(6) wherein: (a) Plaintiff has failed to sufficiently identified the contract alleged to have been breached, (b) Florida's statute of frauds and UCC prevents Plaintiff from seeking to enforce a contractual obligation of a third party against ATT, and (c) Florida and South Carolina's economic loss rule precludes tort recovery from strictly breach of contract claims.

## **ANALYSIS**

**Choice of Law**

As an in initial matter, the court must determine the applicable state law in this diversity action. Because this case is before a Federal Court in the District of South Carolina, South Carolina *choice* of law applies as to all claims. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487 (1941) (holding that a federal court sitting in diversity must apply the choice of law rules of the state in which it sits).

*Contract*

Because the alleged underlying contract at issue in this case concerns the sale of goods, it is controlled by the Uniform Commercial Code ["U.C.C."]. South Carolina has adopted the U.C.C., including its choice of law provision, § 1-105. That statute provides, in relevant part:

> [W]hen a transaction bears a reasonable relation to this State and also to another state or nation the parties may agree that the law either of this State or of such other state or nation shall govern their rights and duties. Failing such agreement this act applies to transactions bearing an appropriate relation to this State.

S.C. Code Ann. § 36-1-105(1). As such, the court will apply South Carolina law in determining any breach of contract claims if the sales contract at issue bears an "appropriate relation" to that state. *See In re Merritt Dredging Co., Inc*., 839 F.2d 203, 206 (4th Cir. 1988).

The court considers several factors in deciding whether such "appropriate relation" between the sales contract and South Carolina exists. First, while the negotiations occurred in an unspecified

location, the injury allegedly occurred in South Carolina, ie. the goods alleged to be defective were received by Plaintiff in South Carolina. This occurrence strongly favors application of South Carolina law. Second, both Plaintiff Enhance-It and Defendant AAT transact business in South Carolina. Again, this favors application of the forum's law. Finally, the allegedly defective goods were shipped to South Carolina and installed in South Carolina. The court concludes that these uncontroverted facts create a reasonable relation to the forum state and compel application of South Carolina law to the breach of contract and breach of warranty claims. *See Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.,* 843 F.Supp. 1027, 1034 (D.S.C. 1993); *see generally Thornton v. Cessna Aircraft Co.,* 703 F.Supp. 1228, 1234 (D.S.C. 1988) (holding that because decedent was a resident of South Carolina, purchased the defective product in South Carolina, and maintained the defective product in South Carolina, subsection 36-1-105(1) compelled that South Carolina law should be applied because South Carolina had an appropriate relation to the action), *aff'd,* 886 F.2d 85 (4th Cir. 1989).

*Negligence and Fraud Claims*

As for the tort claims, South Carolina law provides that the substantive law governing a tort action is determined by the state in which the injury occurred, commonly referred to as the *lex loci delicti* rule. *See Algie v. Algie,* 261 S.C. 103, 198 S.E.2d 529, 530 (1973); *Oshiek v. Oshiek,* 244 S.C. 249, 136 S.E.2d 303, 305 (1964). Under the *lex loci delicti* rule, this court must apply the substantive law of South Carolina because the alleged injury to the Plaintiff occurred in South Carolina. Accordingly, because South Carolina is the situs of the injury, the law of South Carolina applies to Enhance-It's negligence and fraud claims. *See Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.,* 843 F.Supp. 1027, 1033 (D.S.C. 1993).

Under the facts of this case, the court concludes that South Carolina law is applicable as to

all the claims. Accordingly, the court will not consider any of Defendant's arguments dependant on the application of Florida state law.

**Failure to Plead Fraud with Particularity**

Federal Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FRCP Rule 9. While there is a corresponding Rule 9(b) in the South Carolina Rules of Civil Procedure, the court applies the Federal Rule as it is interpreted because pleading is a procedural matter properly governed by Federal Rules for a court sitting in diversity. *Hanna v. Plumer*, 380 U.S. 460 (1965) (holding that when an arguably procedural matter is controlled by a valid Federal Rule of Civil Procedure, the Federal Rule governs). The Fourth Circuit has noted that the "circumstances" required to be pled with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990)); *see also Lasercomb America, Inc. v. Reynolds,* 911 F.2d 970, 980 (4th Cir. 1990); *In re Cryomedical Sciences, Inc. Securities Litigation,* 884 F.Supp. 1001, 1012-13 (D.Md. 1995); *In re Medimmune, Inc. Securities Litigation,* 873 F.Supp. 953, 964-69 (D.Md. 1995). Mere allegations of "fraud by hindsight" will not satisfy the requirements of Rule 9(b). *Hillson Partners Ltd. Partnership v. Adage, Inc.,* 42 F.3d 204, 209 (4th Cir.1994). The second sentence of Rule 9(b) allows conclusory allegations of defendant's knowledge as to the true facts and of defendant's intent to deceive. *Harrison*, 176 F.3d at 784; *see* 5 Wright and Miller § 1297, at 612. As the Fourth Circuit has further explained*,* Rule 9(b) has four purposes:

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of. Second, Rule 9(b)

> exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

*U.S. ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 921 (4th Cir. 2003) (quoting *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.,* 755 F.Supp. 1055, 1056-57 (S.D.Ga. 1990)). A "court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that plaintiff has substantial pre-discovery evidence of those facts." *Id.*

In this case, Plaintiff has failed to plead his fraud complaint with enough particularity to support its claim. In its third cause of action, fraud and misrepresentation, Plaintiff alleges that:

> Defendant, through one of its representatives, represented to Plaintiff that Defendant had tested a new ballast to be utilized in the UV lighting . . . and that it had tested the ballast for a year with good results and that the new ballast would be better than the part it replaced. Plaintiff relied upon the representation, and was justified in doing so, in continuing to order lights from Defendant with the expectation that the lights would be of not only the same, but of better quality, than previously manufactured. The representations were false and material. Upon information and belief, Defendant made the representations with knowledge of their falsity, or with a reckless disregard for their truth or falsity, and with an intent that the representations of the testing and quality of the new ballast be acted upon and relied upon by Plaintiff. Plaintiff was ignorant of the falsity of the representations and relied on their truthfulness. In reliance upon Defendant's representations that it had tested the new ballast for a year and that the lighting would be superior to prior lighting manufactured by Defendant and sold to Plaintiff and as a direct and proximate consequence of Defendant's actions and inactions, and Plaintiff's reliance, Plaintiff has been injured as has been described above and is entitled to actual damages in excess of seventy-five thousand dollars, the costs of this action, and such other and further damages as may be proven at trial.

(Pl. Com. ¶ 27-33.) This section of the Complaint is merely a listing of the elements of a fraud claim without enough specific factual allegations to meet the heightened pleading requirements of Rule 9(b). Plaintiff does not identify the "representative" who made the allegedly fraudulent statement,

the time or place of the statement, or whether the representation was made in writing, orally, by telephone, or in person. Neither does Plaintiff make any assertions of fact to support its claim that Defendant had "knowledge of [the representation's] falsity" when the statement was made. Such blanket assertions cannot support a claim of fraud. *See Harrison*, 176 F.3d 776 (holding that allegation that government contractor submitted a false signature on purchase form in violation of False Claims Act was not plead with sufficient particularity absent statement as to which signature was fraudulent or unauthorized, who perpetrated the fraud, or how the signature was fraudulent).

Plaintiff's seventh cause of action, breach of contract accompanied by a fraudulent act, incorporates the allegations cited above and further states,

> Defendant breached the agreement by inserting a defective ballast in certain lights and also in performing warranty work, and upon information and belief, did so with fraudulent intent and breached the contract accompanied by a fraudulent act characterized by dishonesty in fact and unfair dealing with respect to representations concerning the ballast and its use.

(Pl. Com. ¶ 56.) This allegation adds no further specific facts to Plaintiff's insufficient fraud claim. In other words, neither allegation is sufficient to make Defendant aware of the circumstances it will have to defend at trial, nor do they show that Plaintiff has substantial pre-discovery evidence of fraud or breach of contract accompanied by fraud. Such a complaint is merely alleging "fraud by hindsight" and, as such, is specifically disallowed by the Rules. As the law makes clear, even where a complaint alleges all the necessary elements of fraud, Rule 9(b) requires that if it alleges these elements in a vague, conclusory manner, such a complaint will be dismissed for failure to plead fraud with particularity. *Harrison*, 176 F.3d at 783, n.5 (holding that lack of compliance with Rule 9(b)'s heightened pleading requirements is treated as a failure to state a claim under Rule 12(b)(6) and will result in dismissal of the claim).

Accordingly, the court grants Defendant's motion to dismiss Plaintiff's third cause of action, fraud and misrepresentation, and seventh cause of action, breach of contract accompanied by fraudulent act, for failure to plead fraud with particularity.

**12(b)(6) - Failure to State A Claim**

A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that Plaintiff cannot prove any set of facts in support of his claims that entitles it to relief. *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. *Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir. 1972). However, a court is not limited to the four corners of the complaint. A court may consider any document that is explicitly relied upon in the complaint. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410 (3d Cir. 1997); *Gasner v. County of Dinwiddie,* 162 F.R.D. 280 (E.D.Va. 1995). All reasonable inferences must be made in favor of the nonmoving party. *See Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). A motion to dismiss tests only "the sufficiency of the complaint; importantly, it does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Id.*

*Breach of Contract and Warranty Claims*

Defendant argues that Plaintiff's breach of contract and breach of warranty claims should be dismissed because Plaintiff has neither attached the contract alleged to have been breached nor described the nature, scope, or terms of such contract. This argument is unpersuasive. A complaint

need not contain all facts necessary for success in order to survive a Rule 12(b)(6) motion; the complaint must merely allege facts sufficient to support a claim.

The Complaint alleges that Defendant sold Plaintiff goods pursuant to a sales contract that contained express and implied warranties. (Comp. ¶ 11-15, 51.) The goods Defendant delivered were alleged to be defective and Defendant allegedly failed to correct the defect. (Comp. ¶ 12, 51-53.) Assuming these allegations are true, then Plaintiff can prove a set of facts that support its breach of contract and breach of warranties claims. As such, these allegations satisfy the lenient notice pleading requirements of Rule 12(b)(6). In reaching this conclusion, the court, of course, is cognizant that it is considering a Rule 12(b)(6) dismissal rather than an award of summary judgment. Therefore, the determination that Plaintiff's allegations are sufficient is based on the assumption, required on review of a 12(b)(6) motion, that Plaintiff can prove those allegations. *See De Sole v. United States,* 947 F.2d 1169, 1171 (4th Cir.1991). The court intends no implication as to whether Plaintiff possesses a sufficient *factual* basis to proceed to trial; the court merely concludes that its *allegations* for the contractual claims are adequate to survive a motion to dismiss. *See Dunn v. Borta,* 369 F.3d 421, 427 (4th Cir. 2004).

*Negligence*

Defendant moves that the court dismiss Plaintiff's negligence claim for failure to state a claim upon which relief may be granted. Plaintiff is requesting a remedy in tort for what Defendant alleges is a purely breach of contract claim. Defendant correctly notes that under South Carolina law, "if the cause of action is predicated on the alleged breach, or even negligent breach, of a contract between the parties, an action in tort will not lie." *Meddin v. Southern Ry.-Carolina Division*, 62 S.E.2d 109, 112 (S.C. 1950); *see Tadlock Painting Co. v. Maryland Cas. Co.*, 473 S.E.2d 52, 55 (S.C. 1996) (stating that the South Carolina Court of Appeals upheld the trial court's

dismissal of the negligence action because the basis of it was breach of the contract, and the law is well-settled that breach of contractual duties does not give rise to an action in tort for negligence); *Foxfire Village, Inc. v. Black & Veatch, Inc.*, 404 S.E.2d 912, 917 - 918 (S.C. App. 1991) ("As a matter of law, if the duty to advise another arises merely from agreement of the parties, breach of the duty does not create a cause of action for negligent conduct."). However, where the contract creates a certain relationship between the parties, and certain duties arise by operation of law, irrespective of the contract, because of this relationship, the breach of such duties will warrant an action in tort. *Meddin,* 62 S.E.2d at 112. As was said in one South Carolina case, St. Charles Merc. Co. v. Armour & Co., 153 S.E. 473, 477 (S.C. 1930), "[a]ctions in tort often have their beginning in contractual matters."

In this case, according to the Complaint, Defendant was a manufacturer and seller of goods to Plaintiff. (Comp. ¶ 6.) There was some sort of sales agreement with express and implied warranties that Defendant inherited from its predecessor in interest. (Comp. ¶ 7.) Several sales of goods actually took place. (Comp. ¶ 9.) In 2003, Defendant breached the contract when it began shipping defective goods to Plaintiff. (Comp. ¶ 12.) The Complaint describes a relationship between Plaintiff and Defendant that arises solely from the sales and the alleged sales contract. As alleged by the Complaint, absent the alleged sales and sales contract, no independent common law duties exist between the parties. As such, Plaintiff does not allege any relationship that would give rise to a duty that would support a negligence action. While the Complaint need not set out in detail the facts upon which Plaintiff bases his claim, it must provide at least a short and plain statement of the claim showing that the Plaintiff is entitled to relief. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). Absent a claim of a relationship between the parties, independent of the contract, that could give rise to a duty

supporting a negligence claim, the court cannot say that Plaintiff has met this low burden. After accepting all well-pleaded allegations in the Complaint as true, the court is persuaded that Plaintiff has failed to allege facts necessary to support a negligence claim as against Defendant. As such, the court grants Defendant's motion to dismiss Plaintiff's second cause of action for negligence.

## CONCLUSION

It is, therefore,

**ORDERED**, for the foregoing reasons, that Defendant's Motion to Dismiss Counts Two (Negligence), Three (Fraud and Misrepresentation), and Seven (Breach of Contract Accompanied by Fraudulent Act) is **GRANTED.**

It is further **ORDERED** that Defendant's Motion to Dismiss Counts One (Breach of Contract), Four (Merchantability), Five (Fitness for a Particular Purpose) and Six (Express Warranty) is **DENIED.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 5, 2005**